UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FRANCIS GRIX, #550671,

       Petitioner,

                                                  CASE NO. 2:13-CV-11580
v.                                                    HONORABLE DENISE PAGE HOOD

KENNETH ROMANOWSKI,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner William Francis Grix ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, he challenges an amendment to his sentence which imposed a condition of lifetime electronic monitoring. Specifically, he claims that the amendment violated his right to be free from double jeopardy and violated his rights to a fair trial and due process.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible

or false. *See Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be denied.

## II.     Facts and Procedural History

Petitioner pleaded no contest to second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(b), in the Macomb County Circuit Court in 2011. The trial court initially sentenced him to 71 to 181 months imprisonment. It was subsequently determined that the sentence was erroneous under state law because the maximum sentence should have been 180 months and the sentence should have included lifetime electronic monitoring. Consequently, the trial court held a hearing and resentenced Petitioner to 71 months to 180 months imprisonment (5 years 11 months to 15 years imprisonment) and included a provision for lifetime electronic monitoring. Resentencing occurred less than two months after the original sentencing.

Petitioner thereafter filed a delayed application for leave to appeal in the Michigan Court of Appeals challenging the sentencing amendment, which was denied for lack of merit. *People v. Grix*, No. 310051 (Mich. Ct. App. June 27, 2012) (unpublished). He also filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order. *People v. Grix*, 493 Mich. 896, 822 N.W.2d 599 (2012). Petitioner dated his federal habeas petition on April 2, 2013.

## III.     Discussion

Petitioner asserts that he is entitled to habeas relief because the state trial court violated his rights by amending his sentence to include a provision for lifetime electronic monitoring. In order to demonstrate that he is entitled to federal habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

2

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] Petitioner has failed to establish a constitutional violation.

To the extent that Petitioner alleges a violation of state law or sentencing procedure in his pleadings, he is not entitled to relief from this Court. Alleged trial court errors in the application of state law are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Moreover, a sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show

---

[1] The Court would reach the same result under a *de novo* standard of review.

that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). In this case, Petitioner's sentence is within the statutory limit and is authorized by Michigan law. *See* MICH. COMP. LAWS § 750.520c(2)(a), (b) (setting a 15-year maximum sentence and requiring lifetime electronic monitoring for Petitioner's offense). Consequently, Petitioner's sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner asserts that the amendment to his sentence imposing a condition of lifetime electronic monitoring violated his right to be free from double jeopardy. The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

Petitioner cannot establish a double jeopardy violation. It is well-established that a trial court may set aside and correct an invalid sentence, even if the defendant has already begun to serve that sentence, without violating the Double Jeopardy Clause. *See Bozza v. United States*, 330 U.S. 160, 166 (1947) (Double Jeopardy Clause was not violated when the trial court corrected a sentence by adding a fine to a previously-imposed term of imprisonment); *see also United States v. DiFrancesco*,

449 U.S. 117, 136–39 (1980) (Double Jeopardy Clause does not apply to the increase of a sentence upon appeal); *Williams v. Travis*, 143 F.3d 98, 99 (2d Cir. 1998) (resentencing did not violate Double Jeopardy Clause where sentence was modified a week after it was imposed); *United States v. Warner*, 690 F.2d 545, 555 (6th Cir. 1982) (Double Jeopardy Clause did not prohibit amending sentence to add mandatory special parole term); *Burks v. Harry*, No. 09-13331, 2012 WL 424871, *7 (E.D. Mich. Feb. 9, 2012) (Double Jeopardy Clause was not violated where initial sentence was invalid under state law and trial court increased maximum sentence at resentencing to comply with state law). As explained by the Supreme Court:

> If [an] inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. This Court has rejected the doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court only set aside what it had no authority to do, and substituted directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

*Bozza*, 330 U.S. at 166–67 (citations omitted).

In this case, the state trial court imposed an invalid sentence at Petitioner's original sentencing by exceeding the statutory maximum sentence and by failing to include a statutorily-mandated condition of lifetime electronic monitoring. The trial court corrected those errors at resentencing in order to comply with state law. No double jeopardy violation occurred.

Petitioner relatedly asserts that the amendment to his sentence violated his rights to a fair trial and due process. He cannot prevail on this claim as there is no Supreme Court authority establishing such rights with regard to resentencing to correct an invalid sentence. *See, e.g., Onifer v. Tyszkiewicz*, 255 F.3d 313, 317–18 (6th Cir. 2001) (reversing grant of habeas relief on due process sentencing claim). Moreover, Petitioner's original sentence was invalid, was imposed less than two

5

months before resentencing, and had not yet been the subject of appeal. As such, it cannot be said that Petitioner had a legitimate expectation in the finality of his original sentence so as to trigger due process or fair trial concerns. *See DiFrancesco*, 449 U.S. at 136 (defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired"); *United States v. Busic*, 639 F.2d 940, 946 (3d Cir. 1981) (citing *Bozza* and stating that a prisoner cannot expect to "escape punishment because the court committed an error in passing sentence"); *cf. DeWitt v. Ventetoulo*, 6 F.3d 32, 35–36 (1st Cir. 1993) (granting habeas relief where state sought to reinstate sentence after petitioner had been released from prison); *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir. 1985) (rejecting due process claim but noting that due process may be denied "when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them"). Petitioner's amended sentence was imposed following a hearing and was necessary to comply with state law as to the maximum sentence and the lifetime electronic monitoring requirement. Given such circumstances, no due process or other constitutional violation occurred. Habeas relief is not warranted.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his habeas claim and his petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the

constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager